1   ADEPT LAW FIRM
    JOSEPH S. FOGEL [SBN 156746]
2   E-mail: joe@adeptlawfirm.com
    16133 Ventura Boulevard, Penthouse Suite
3   Encino, California 91436-2403
    *telephone*      (818) 986-7100
4   *fax*            (818) 986-7106

5   *Attorneys for Plaintiff*
           Attorneys for Plaintiff *FRANKIE MITCHELL*
6

7

8                   UNITED STATES DISTRICT COURT FOR THE
9
                    FOR THE CENTRAL  DISTRICT OF CALIFORNIA
10

11
    FRANKIE MITCHELL;                    Case No. 2:20-cv-01789-MCS (AGR)
12
                        Plaintiff,       PLAINTIFF'S MOTION *IN LIMINE* TO
13       v.                              EXCLUDE DEFENDANT'S
                                         UNDISCLOSED HANDWRITING
14  NEW YORK LIFE INSURANCE              EXPERT
    COMPANY, a business entity, form
15  unknown; and  DOES 1 through 15,
    Inclusive;                           PRETRIAL CONF.: June 7, 2021
16                                       TIME: 2:00 p.m.
                        Defendants.
17                                       TRIAL: June 22, 2021

18                                       Hon. Mark C. Scarsi, Judge Presiding

19

20              **<u>NOTICE OF MOTION AND MOTION</u>**

21        TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD,

22        PLEASE TAKE NOTICE, that on June 7, 2021 at 2:00 p.m., in accordance

23  with the Court's Schedule of Pretrial and Trial Dates [Dkt. #24], pursuant to this

24  Court's Order of Pretrial and Trial dates, Plaintiff hereby gives notice and does so

25  move, in this Motion *in Limine*, for an Order excluding Defendant's undisclosed

26  handwriting expert, as follows:

27        Plaintiff has learned that Defendant New York Life Insurance Company

28  seeks to offer testimony of a handwriting expert, James Blanco, at the trial of this

matter.  This undisclosed expert had no involvement with the review of this claim. This testimony should be excluded by the Court because the proposed expert witness was not designated or exchanged timely, has not provided the required expert Declaration and disclosures as required by the Court's Orders and the Federal Rules of Civil Procedure, and the proposed testimony seeks to determine the factual issue for the jury.

This motion is pursuant to *Federal Rule of Civil Procedure* 37(1) and *Federal Rule of Evidence* 403, precluding Defendant New York Life Insurance Company from offering evidence from the proposed "handwriting expert" at all. This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on May 17, 2021.

This motion is based on this Notice of Motion and Motion and the Memorandum of Points and Authorities contained herein, the pleadings and papers on file in this action, and the argument of counsel presented at the hearing on the motion.

DATED: May 17, 2021            ADEPT LAW FIRM


                                *Joseph S. Fogel* /s/
                          By:_____
                                JOSEPH S. FOGEL,
                                *Attorney for Plaintiff,*
                                FRANKIE MITCHELL

PLAINTIFF'S *MOTION IN LIMINE* RE: EXCLUDING HANDWRITING EXPERT

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2
1.      INTRODUCTION.

3
            Pursuant to *Federal Rule of Civil Procedures* 37(a) and *Federal Rule of*

4
*Evidence* 403, Plaintiff Frankie Mitchell hereby submits this motion *in limine* to

5
preclude Defendant New York Life Insurance Company from offering argument

6
or evidence, or calling as a witness, the undisclosed handwriting expert James

7
Blanco.

8
            Defendant has evidenced an intent to argue at trial, and bring as a witness,

9
the handwriting -proposed expert of James Blanco.

10
            This Court Ordered expert disclosures on September 18, 2020, and that was

11
continued to December 18, 2020, by Stipulation and Order of the Court. Judge

12
John A. Kronstadt sitting, had set September 18, 2020 as the date for Initial Expert

13
Disclosures.  Based upon the Stipulation of Parties, and the National Emergency,

14
on September 15, 2020, the Court ordered a new deadline of December 18, 2020.

15
See Order Re Stipulation Re: Dates [Dkt.#19 Stipulation, Dkt.#21, Court orders of

16
September 15, 2020].   Defendant has not provided an Expert Disclosure for Mr.

17
Blanco.

18
            There being no expert disclosure and exchange, the proposed expert should

19
not be a witness in the trial, and none of the opinons stated by the excluded

20
witness should be heard at trial.

21

22
2.      DEFENDANT SHOULD BE PRECLUDED FROM ASSERTING THE

23
        HANDWRITING EXPERT AS A DEFENSE.

24
            *Federal Rule of Civil Procedure* 37(c)(1) states that if a party fails to

25
provide information or identify a witness as required by Rule 26(a) or (e), then the

26
party is forbidden to use that information or witness to supply evidence on a

27
motion, at a hearing, or at a trial.  "A party must disclose documents and the

28
identity of witnesses likely to have discoverable information that the party may

PLAINTIFF'S *MOTION IN LIMINE* RE: EXCLUDING HANDWRITING EXPERT

use to support its claim. *Fed. R. Civ. P.* 26 (a)(1)(A)(i)-(ii). This is a continuing duty, and the disclosure must be supplemented if the party later learns of additional witnesses or responsive information. *See Fed R. Civ. P.* 26(e)." *Fourth Investment LP v. United States of America*, No. 08-cv-110, 2010 U.S. Dist. LEXIS 53534, at *2 (S.D. Cal. June 1, 2020) (*citing Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008)). Rule 37 "gives teeth" to Rule 26 "by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

Here, Defendant has never identified Mr. Blanco as an expert witness in this case. No handwriting expert is mentioned in the Defendant's disclosures, and there is no Expert Disclosure.   There is no subsequent expert designation by Defendant.

Finally, any such argument or evidence would be confusing and misleading to the jury, and manifestly prejudicial, in light of Defendant's earlier failure to name Mr. Blanco as an expert witness. *See Fed. R. Evid*. 403. As confirmed by a recent decision of the Supreme Court, Plaintiffs are entitled to rely upon–and should not have to relitigate at trial–facts that Defendant conceded on summary judgment. *See Christian Legal Soc'y Chapter v. Martinez*, 561 U.S. 661, 130 S.Ct. 2971, 177 L.Ed.2d 838,  (June 28, 2010) (facts conceded on summary judgment are considered established for purposes of trial); *see also In re Katz Interactive Call Processing Patent Litg*., No. 2:07-ML-0186,   (at 69 (C.D. Cal. May 5, 2010) (in deciding motion for partial summary judgment, court determines material facts not genuinely at issue). Having admitted the contract, in the relevant undisputed material facts, those facts are not further litigated at trial.

3.      CONCLUSION.

For the foregoing reasons, Defendant should be precluded at trial from

PLAINTIFF'S *MOTION IN LIMINE* RE: EXCLUDING HANDWRITING EXPERT

1  arguing or eliciting evidence that it has a handwriting expert, or what opinions that

2  undesignated expert may have had.

3

4  DATED: May 17, 2021          ADEPT LAW FIRM

5

6                                        *Joseph S. Fogel* /s/
                                   By:_____
7                                      JOSEPH S. FOGEL,
                                       *Attorney for Plaintiff,*
8                                      FRANKIE MITCHELL

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28