ADEPT LAW FIRM
JOSEPH S. FOGEL [SBN 156746]
E-mail: joe@adeptlawfirm.com
16133 Ventura Boulevard, Penthouse Suite
Encino, California 91436-2403
*telephone*  (818) 986-7100
*fax*  (818) 986-7106

*Attorneys for Plaintiff*
    Attorneys for Plaintiff FRANKIE MITCHELL

UNITED STATES DISTRICT COURT FOR THE

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKIE MITCHELL;<br><br>    Plaintiff,<br>v.<br>NEW YORK LIFE INSURANCE COMPANY, a business entity, form unknown; and DOES 1 through 15, Inclusive;<br><br>    Defendants. | Case No. 2:20-cv-01789-MCS (AGR)<br><br>PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE DEFENDANT'S UNPRODUCED DOCUMENTS<br><br>PRETRIAL CONF.: June 7, 2021<br>TIME: 2:00 p.m.<br><br>TRIAL: June 22, 2021<br>Courtroom: 7C<br><br>Hon. Mark C. Scarsi, Judge Presiding |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD,

PLEASE TAKE NOTICE, that on June 7, 2021 at 2:00 p.m., in accordance with the Court's Schedule of Pretrial and Trial Dates [Dkt. #24], pursuant to this Court's Order of Pretrial and Trial dates, Plaintiff hereby gives notice and does so move, in this Motion *in Limine*, for an Order excluding Defendant's unproduced documents, as follows:

Plaintiff has learned that Defendant New York Life Insurance Company may seek to offer documents that were not produced in response to discovery, and

not disclosed by Defendant.

Fundamentally, the Defendant insurance company must produce, and disclose, all of the documents that is has and seeks to use at trial, during discovery. The failure of the Defendant insurance company to produce and disclose, whether intentional or not, unfairly impedes the full discovery of a case, and trial preparation.

This motion is pursuant to *Federal Rule of Civil Procedure* 37(1) and *Federal Rule of Evidence* 403, precluding Defendant New York Life Insurance Company from offering evidence from any documents that were not produced or disclosed during discovery. This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on May 17, 2021.

This motion is based on this Notice of Motion and Motion and the Memorandum of Points and Authorities contained herein, the pleadings and papers on file in this action, and the argument of counsel presented at the hearing on the motion.

DATED: May 17, 2021  ADEPT LAW FIRM

By: *Joseph S. Fogel* /s/
JOSEPH S. FOGEL,
*Attorney for Plaintiff,*
FRANKIE MITCHELL

## MEMORANDUM OF POINTS AND AUTHORITIES

1. INTRODUCTION.

Pursuant to *Federal Rule of Civil Procedures* 37(a) and *Federal Rule of Evidence* 403, Plaintiff Frankie Mitchell hereby submits this motion *in limine* to preclude Defendant New York Life Insurance Company from offering argument or evidence, based on any documents that were not disclosed or produced by the Defendant insurance company in the discovery in this case.

Defendant made its initial disclosures May 19, 2020. *See* Fogel Decl. ¶3. Defendant produced documents marked NYL 001- NYL 135. *See* Fogel Decl. ¶3. Plaintiff served written Requests for Production of Documents (Set No. 1), which included *infra* requests for the production of all the documents from the life insurance files, the claims files, and any other files of Defendant insurance company.

The Defendant insurance company produced additional documents which are not involved in this motion. The additional documents consisted only of documents it contended were Confidential business practices documents; namely, portions of its underwriting manual and claims manual. Based on the Defendant's objections, a Confidentiality Stipulation was made, and Order as to Confidentiality, was issued.

Plaintiff met and conferred regarding the Defendant's responses to the Requests for Production, (Set No. 1), and confirmed that Defendant's position was that all documents had been produced or disclosed, and there were no additional documents that Defendant had to produce. This was confirmed by Plaintiff's counsel's letter of August 17, 2020 to defense counsel. *See* Fogel Decl. ¶7. Based on such a meet and confer, no motion to compel further production was brought, because Defendant insurance company's position was that all the documents had been produced. No further productions have been made by the Defendant insurance company.

1. This Court Ordered non-expert discovery cut-off of September 4, 2020, and that was continued to November 13, 2020, by Stipulation and Order of the Court. Judge John A. Kronstadt sitting, had set September 4, 2020 as the date for non-expert discovery cut-off. Based upon the Stipulation of Parties, and the National Emergency, on September 15, 2020, the Court ordered a new deadline of November 13, 2020. *See* Order Re Stipulation Re: Dates [Dkt.#19 Stipulation, Dkt.#21, Court orders of September 15, 2020]. Defendant did not produce any additional documents.

Despite all this, Defendant insurance company did seek to rely upon certain additional, unproduced documents at the Summary Judgment Motion of March 8, 2021. Those documents were not produced, and should not be part of the trial of this matter. Among the documents that Defendant insurance company may seek to use at trial, but which were not produced (or disclosed), and which should have been, are:

  A. Reinstatement form, not produced; (Exhibit G to Motion for Summary Judgment)

  B. Certificate/contract, not produced; (Exhibit H to Motion for Summary Judgment)

  C. Funeral receipts; (Exhibit L to Motion for Summary Judgment)

  D. "Globe Life Enrollment" form dated December 13, 2007; (Exhibit V to Motion for Summary Judgment)

  E. Designation change of December 1, 2013 (Exhibit to Motion for Summary Judgment).

These documents were not disclosed or produced, and should not be exhibits at trial.

At the time of the preparation of this motion, the parties are working together to provide a Joint Exhibit List. Because Defendant's full list of proposed exhibits has not yet been provided for review, Plaintiff may further specify

1 documents that are proposed in Defendant's part of the Joint Exhibit list, to which
2 Plaintiff objects, and this Motion *in limine*, applies.

4 2.   DEFENDANT SHOULD BE PRECLUDED FROM USING
5     UNDISCLOSED AND UNPRODUCED DOCUMENTS IN THE TRIAL.

*Federal Rule of Civil Procedure* 37(c)(1) states that if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), then the party is forbidden to use that information or witness to supply evidence on a motion, at a hearing, or at a trial. "A party must disclose documents and the identity of witnesses likely to have discoverable information that the party may use to support its claim. *Fed. R. Civ. P*. 26 (a)(1)(A)(i)-(ii). This is a continuing duty, and the disclosure must be supplemented if the party later learns of additional witnesses or responsive information. *See Fed R. Civ. P*. 26(e)." *Fourth Investment LP v. United States of America*, No. 08-cv-110, 2010 U.S. Dist. LEXIS 53534, at *2 (S.D. Cal. June 1, 2020) (*citing Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008)). Rule 37 "gives teeth" to Rule 26 "by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp*., 259 F.3d 1101, 1106 (9th Cir. 2001).

Here, Defendant has never produced or disclosed the documents referenced. The Defendant insurance company was specifically asked, after it made no further production in response to Requests for Production, (Set No. 1). The Defendant insurance company confirmed that all the documents had been produced.

Finally, any such argument or evidence would be confusing and misleading to the jury, and manifestly prejudicial, in light of Defendant's earlier failure to disclose or produce the documents. *See Fed. R. Evid*. 403. As confirmed by a recent decision of the Supreme Court, Plaintiffs are entitled to rely upon–and should not have to relitigate at trial–facts that Defendant conceded on summary

judgment. *See Christian Legal Soc'y Chapter v. Martinez*, 561 U.S. 661, 130 S.Ct. 2971, 177 L.Ed.2d 838, (June 28, 2010) (facts conceded on summary judgment are considered established for purposes of trial); *see also In re Katz Interactive Call Processing Patent Litg.*, No. 2:07-ML-0186, (at 69 (C.D. Cal. May 5, 2010) (in deciding motion for partial summary judgment, court determines material facts not genuinely at issue). Having admitted the contract, in the relevant undisputed material facts, those facts are not further litigated at trial.

3.  CONCLUSION.

For the foregoing reasons, Defendant should be precluded at trial from arguing or eliciting evidence, or offering as evidence, the documents that were not produced or disclosed.

DATED: May 17, 2021        ADEPT LAW FIRM

By: *Joseph S. Fogel* /s/
_____
JOSEPH S. FOGEL,
*Attorney for Plaintiff,*
FRANKIE MITCHELL