KASOWITZ BENSON TORRES LLP
Kirsten C. Jackson (Cal. Bar No. 265952)
kjackson@kasowitz.com
Melissa Dejoie (Cal. Bar No. 308014)
mdejoie@kasowitz.com
2029 Century Park East, Suite 2000
Los Angeles, California 90067
Telephone:  (424) 288-7900
Facsimile:  (424) 288-7901

*Attorneys for Defendant New York Life Insurance Company*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKIE MITCHELL, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>NEW YORK LIFE INSURANCE COMPANY,<br><br>Defendant. | Case No. 2:20-cv-01789-JAK-AGR<br><br>**MOTION IN LIMINE NO. 1 OF 2:**<br><br>**DEFENDANT NEW YORK LIFE INSURANCE COMPANY'S MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING BAD FAITH AND CLAIMS HANDLING PRACTICES**<br><br>Final Pretrial Conference Date: June 7, 2021<br><br>Final Pretrial Conference Hearing Time: 2:00 p.m.<br><br>Judge: Hon. Mark C. Scarsi |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant New York Life Insurance Company ("New York Life") hereby moves the Court for an Order excluding any evidence, references to evidence, testimony, or argument relating to Plaintiff's alleged bad faith claim, including evidence or argument relating to Defendant's alleged claims handling practices. This evidence and argument is not relevant, in light of the Court's March 16, 2021, Order granting summary judgment on Plaintiff's bad faith claim.

This motion is based on this Notice, the attached Memorandum of Points and Authorities, the declaration of Kirsten C. Jackson, the pleadings and documents on file herein, and upon such other oral and documentary evidence as may be presented at or before the hearing on this motion.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on May 17, 2021.

DATED: May 17, 2021   KASOWITZ BENSON TORRES LLP

By:  */s/ Kirsten C. Jackson*
     Kirsten C. Jackson
     *Attorneys for Defendant*

## **MOTION IN LIMINE NO. 1**

Defendant New York Life Insurance Company ("New York Life") moves the Court for an Order excluding any evidence, references to evidence, testimony, or argument relating to Plaintiff's dismissed bad faith claim, including evidence or argument relating to Defendant's alleged claims handling practices. This evidence and argument is not relevant, in light of the Court's March 16, 2021, Order granting summary judgment on Plaintiff's bad faith claim.

"A motion in limine presents a pretrial issue of admissibility of evidence that is likely to arise at trial." *In re Seroquel Prods. Liab. Litig.*, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009); *see also Pinal Creek Group v. Newmont Min. Corp.*, 2006 WL 1766494, at *1 (D. Ariz. June 26, 2006) (motions in limine permit "the pretrial resolution of evidentiary disputes without having to present potentially prejudicial evidence in front of a jury"). Here, Plaintiff's counsel has expressly indicated that he will attempt to relitigate Plaintiff's bad faith claim at trial, despite the Court's March 16, 2021, order granting Defendant's motion for summary judgment on this claim. *See* Declaration of Kirsten C. Jackson at ¶ 2 (May 17, 2021, e-mail from Plaintiff's counsel Joseph Fogel to defense counsel Kirsten C. Jackson stating "Plaintiff will move to amend the complaint to include bad faith damages, as additional evidence and testimony is provided."). Towards that end, Plaintiff has identified certain witnesses and exhibits pertaining to the Defendant's claims handling, which has no bearing on whether Defendant owes Plaintiff benefits under the policy, but goes only towards the already dismissed bad faith claim.

Plaintiff's attempt to introduce evidence, testimony, and/or argument relating to Plaintiff's alleged bad faith claim—despite the Court's March 16, 2021, ruling granting Defendant's motion for summary judgment on bad faith—is wholly improper. "To be admissible, evidence must be relevant under Fed. R. Evid. 402 and its probative value must not be substantially outweighed by the danger of unfair

prejudice under Fed. R. Evid. 403." *Hangarter v. Provident Life and Accident Ins. Co.*, 373 F.3d 998, 1019 (9th Cir. 2004). Evidence that only pertains to a claim that has been dismissed is not relevant. *See Brown v. Kavanaugh*, Case No. 1:08-cv-01764-LJO-BAM PC, 2013 WL 1819796 (E.D. Cal. Apr. 30, 2013) (granting motion in limine in part because "*matters pled and dismissed in this case are not relevant* to Plaintiff's remaining claims."); Federal Rule of Evidence 401 ("Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; *and (b) the fact is of consequence in determining the action*."). Moreover, allowing such irrelevant evidence at trial risks "confusion of the issues [and] misleading the jury," and causes "undue delay, waste of time, [and] needless presentation of cumulative evidence." Federal Rule of Evidence 403.

Therefore this Court should exclude any evidence, references to evidence, testimony, or argument relating to Plaintiff's dismissed bad faith claim, including evidence or argument relating to Defendant's alleged claims handling practices.

DATED: May 17, 2021          KASOWITZ BENSON TORRES LLP

By: */s/ Kirsten C. Jackson*
     Kirsten C. Jackson
     *Attorneys for Defendant*

4
NEW YORK LIFE'S MOTION IN LIMINE NO. 1