KASOWITZ BENSON TORRES LLP
Kirsten C. Jackson (Cal. Bar No. 265952)
kjackson@kasowitz.com
Melissa Dejoie (Cal. Bar No. 308014)
mdejoie@kasowitz.com
2029 Century Park East, Suite 2000
Los Angeles, California 90067
Telephone:  (424) 288-7900
Facsimile:  (424) 288-7901

*Attorneys for Defendant New York Life Insurance Company*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKIE MITCHELL, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>NEW YORK LIFE INSURANCE COMPANY,<br><br>Defendant. | Case No. 2:20-cv-01789-JAK-AGR<br><br>**MOTION IN LIMINE NO. 2 OF 2:**<br><br>**DEFENDANT NEW YORK LIFE INSURANCE COMPANY'S MOTION IN LIMINE NO. 2 TO PERMIT TESTIMONY BY HANDWRITING EXPERT JIM BLANCO**<br><br>Final Pretrial Conference Date: June 7, 2021<br><br>Final Pretrial Conference Hearing Time: 2:00 p.m.<br><br>Judge: Hon. Mark C. Scarsi |

1
NEW YORK LIFE'S MOTION IN LIMINE NO. 2

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant New York Life Insurance Company ("New York Life") hereby moves the Court for an Order permitting expert testimony by handwriting expert Jim Blanco. Plaintiff has indicated he will object to testimony by Mr. Blanco, on grounds that Mr. Blanco was retained and disclosed after the December 18, 2020 expert disclosure deadline.

This motion is based on this Notice, the attached Memorandum of Points and Authorities, the Declaration of Kirsten C. Jackson, the pleadings and documents on file herein, and upon such other oral and documentary evidence as may be presented at or before the hearing on this motion.

This motion is made following the conference of counsel pursuant to L.R. 7-3.

DATED: May 17, 2021      KASOWITZ BENSON TORRES LLP

By:   */s/ Kirsten C. Jackson*
      Kirsten C. Jackson
      *Attorneys for Defendant*

**MOTION IN LIMINE NO. 2**

Defendant New York Life Insurance Company ("New York Life") moves the Court for an Order permitting expert testimony by handwriting expert Jim Blanco. Plaintiff has indicated he will object to testimony by Mr. Blanco, on grounds that Mr. Blanco was retained and disclosed after the December 18, 2020, expert disclosure deadline. Defendant disclosed Mr. Blanco and the substance of his testimony in a detailed declaration with supporting exhibits that was filed on February 8, 2021. *See* Dkt. Nos. 25-3 to 25-11.

However, as this Court noted in its March 16, 2021 summary judgment order, it may allow testimony from an expert despite the failure to meet a disclosure deadline "upon finding the nondisclosure was substantially justified or harmless." Dkt. No. 40 at 7. "In determining whether to preclude introduction of evidence pursuant to Federal Rule of Civil Procedure 37, courts consider (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence, and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Id.* Each of these factors weigh in favor of permitting Mr. Blanco's testimony at trial.

The Court declined to consider Mr. Blanco's testimony on summary judgment, because "in order to have cured the surprise, Plaintiff would have had to procure rebuttal expert testimony in seven days." Dkt. No. at 7. However, the Court limited its ruling to the summary judgment motion: "For the purposes of this Motion, New York Life cannot rely on Blanco's expert opinion." *Id.* at 8. The Court left open the possibility that New York Life could introduce Mr. Blanco's testimony at trial. Indeed, at the summary judgment hearing, the Court recommended that Defendant waive the February 12, 2021, Expert Discovery Cut-Off, to allow Plaintiff the opportunity to prepare for Mr. Blanco's testimony at trial. Defense counsel did in fact waive the expert discovery cutoff as the Court suggested, and invited Plaintiff's

counsel to take Mr. Blanco's deposition. Declaration of Kirsten C. Jackson at ¶ 3. Plaintiff's counsel declined. *Id.*

While Defendant was regretfully unable to retain an expert by the Court's December 18, 2020, disclosure deadline, Plaintiff has not been prejudiced by the timing of disclosure. Defendant disclosed its expert more than the default minimum ninety days before trial. *See* Federal Rule of Civil Procedure Rule 26(D) ("Absent a stipulation or court order, [expert] disclosures must be made at least 90 days before the date set for trial."). Furthermore, courts have permitted expert testimony where expert disclosures were made as little as one month before a hearing or trial. *See, e.g., ADT Sec. Servs., Inc. v. Lisle-Woodridge Fire Protection Dist.*, 724 F.3d 854 fn. 3 (7th Cir. 2013) ("Appellants argue that the district court abused its discretion in treating Fiore as an expert because the alarm companies did not provide an expert report prior to the hearing. See Fed.R.Civ.P. 26(a)(2)(B). But appellants had received Fiore's affidavit over a month before the hearing, and it covered substantially the same ground as his direct testimony. See DC287, Ex. 1. The purposes of Rule 26(a)(2) were satisfied because the appellants had ample time to prepare for Fiore's testimony at the hearing and there was no showing of unfair surprise.").

Because Defendant provided Plaintiff with Mr. Blanco's detailed expert report more than 90 days before trial, during which time Plaintiff expressly declined to take expert discovery, Defendant's untimely disclosure is harmless, and relief under Federal Rule of Civil Procedure Rule 37(c)(1) is warranted. Mr. Blanco should therefore be permitted to testify at trial.

DATED: May 17, 2021            KASOWITZ BENSON TORRES LLP

By: */s/ Kirsten C. Jackson*
    Kirsten C. Jackson
    *Attorneys for Defendant*