KASOWITZ BENSON TORRES LLP
Kirsten C. Jackson (Cal. Bar No. 265952)
kjackson@kasowitz.com
Melissa Dejoie (Cal. Bar No. 308014)
mdejoie@kasowitz.com
2029 Century Park East, Suite 2000
Los Angeles, California 90067
Telephone:  (424) 288-7900
Facsimile:  (424) 288-7901

*Attorneys for Defendant New York Life Insurance Company*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKIE MITCHELL, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>NEW YORK LIFE INSURANCE COMPANY,<br><br>Defendant. | Case No. 2:20-cv-01789-MCS-AGR<br><br>**DEFENDANT NEW YORK LIFE INSURANCE COMPANY'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>Final Pretrial Conference Date: June 7, 2021<br><br>Final Pretrial Conference Hearing Time: 2:00 p.m.<br><br>Judge: Hon. Mark C. Scarsi |

1
NEW YORK LIFE'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

Defendant New York Life Insurance Company ("New York Life") hereby submits its Memorandum of Contentions of Fact and Law pursuant to Local Rule 16-4.

## CONTENTIONS OF FACT AND LAW

### I. PLAINTIFF'S CLAIMS

#### A. Plaintiff's Causes of Action

Plaintiff has alleged causes of action for Breach of Contract and Declaratory Relief. Plaintiff's claim for Breach of the Covenant of Good Faith and Fair Dealing was dismissed on March 16, 2021.

##### (1) Breach of Contract

Elements

Plaintiff must prove that a contract existed among the parties; Plaintiff performed its duties under the contract; Defendant failed to do something that the contract required; and Plaintiff was harmed by that failure. *See* California Civil Jury Instructions ("CACI") 303. Plaintiff alleges that Defendant owed a duty to pay $100,000 in life insurance benefits under the policy contract.

New York Life's Evidence In Opposition

New York Life contends that no valid contract existed. The forgery of Richard Stevens' signature on the life insurance application renders the policy contract void ab initio. *See* Hon. H. Walter Croskey, et al., California Practice Guide: Insurance Litigation ¶ 5:328.11 (Rutter Group 2020); *Paul Revere Life Ins. Co. v. Fima*, 105 F.3d 490, 492 (1997); *Wutzke v. Bill Reid Painting Service, Inc.*, 151 Cal. App. 3d 36, 43 (1984); *see also La Jolla Group II v. Bruce*, 211 Cal. App. 4th 461, 478 (2012); *Schiavon v. Arnaudo Brothers*, 84 Cal. App. 4th 374, 380 (2000); *Arizona Central Credit Union v. Holden*, 6 Ariz. App. 310, 313 (1967); *Oaks v. Settlers Life Ins. Co.*, Case No. 2009AP2061, 2010 WL 3665230 at *3 (Wis. App. Sept. 22, 2010). Forensic Document Examiner Jim Blanco has determined that the signatures submitted to New York Life were not consistent with, nor did they represent the natural, normal nor

genuine handwriting characteristics of Richard Stevens as demonstrated by the signature on his license. Indeed, Mr. Blanco concluded that it is highly probable that Richard Stevens did not write the signatures on paperwork that was submitted to New York Life. Even without the Blanco declaration, a comparison of Mr. Stevens' known signatures with the signatures submitted to New York Life reveals significant differences that are impossible to ignore:

Known Signatures

| Arizona Drivers' License | |
| Globe Life Insurance Application | |

Signatures Submitted to New York Life

| March 12, 2012 | |
| December 6, 2013 | |
| December 22, 2014 | |

New York Life is entitled to void the policy certificate based on forgeries. The life insurance certificate was never in force.[1]

---

[1] New York Life is further entitled to judgment because Plaintiff cannot show an insurable interest in Richard Stevens' life. The law provides that (1) an insurable interest exists where individuals are "related closely by blood or by law," Ariz. Rev. Stat. Ann. § 20-1104; Cal. Ins. Code §10110.1; (2) "an insurance policy is void ab initio where the insured lacks an insurable interest," and as such, "may be contested at any time, even after the incontestability period has expired," *Paul Revere Life Ins. Co. v. Fima*, 105 F.3d 490, 492 (9th Cir. 1997); and (3) "the burden of proving insurable interest [is] on the party asserting coverage under the insurance policy," *Zurich Life Ins. Co. of America v. Zoo Stage, Inc.*, 186 Fed. App'x. 768, 768-69 (9th Cir. 2006).

New York Life is alternatively entitled to rescind the life insurance policy on the basis of misrepresentations in the application of insurance. The policy is contestable for two years following reinstatement based on misrepresentations in the application. *See* Cal. Ins. Code § 10113.5; Ariz. Rev. Stat. § 20-1204; *North American Co. for Life and Health Ins. v. Rypins*, 29 F.Supp.2d 619, 623 (N.D. Cal. 1998); *Greves v. Ohio State Life Ins. Co.*, 170 Ariz. 66, 70, 821 P.2d 757, 761 (1991). The application misrepresented the sibling relationship between Mr. Stevens and Ms. Mitchell. Plaintiff admits that Mr. Stevens and Ms. Mitchell are not biologically or legally related. Because Richard Stevens died less than two years following the reinstatement of the life insurance certificate, New York Life is entitled to rescind coverage based on the misrepresentation in the application that Mr. Stevens and Ms. Mitchell were related.

**(2) Declaratory Relief**

Elements

An actual controversy relating to the legal rights and duties of the parties under a written instrument; and a request that the rights and duties of the parties be adjudged by the court.

**II. NEW YORK LIFE'S AFFIRMATIVE DEFENSES**

**A. FIRST AFFIRMATIVE DEFENSE**

The Complaint, including each purported claim for relief set forth therein, fails to state a claim upon which relief can be granted against Defendant. For the reasons stated above, no valid contract existed. The forgery of Richard Stevens' signature on the life insurance application renders the policy contract void ab initio. New York Life is alternatively entitled to rescind the life insurance policy on the basis of misrepresentations in the application of insurance.

**B. SECOND AFFIRMATIVE DEFENSE**

Plaintiff's bad faith claim was dismissed on March 16, 2021. In any event, the damages alleged in the Complaint by Plaintiff occurred, were proximately caused by, and/or were contributed to by Plaintiff's own acts or failures to act.

### C. THIRD AFFIRMATIVE DEFENSE

Plaintiff's bad faith claim was dismissed on March 16, 2021. In any event, Plaintiff, by his conduct or otherwise, has waived or is estopped from asserting any bad faith conduct on the part of Defendant.

### D. FOURTH AFFIRMATIVE DEFENSE

Plaintiff's bad faith claim was dismissed on March 16, 2021. In any event, Plaintiff is entirely or, in the alternative, partially barred from any recovery because of his failure to take reasonable and necessary steps to mitigate his alleged damages.

### E. FIFTH AFFIRMATIVE DEFENSE

Plaintiff's bad faith claim was dismissed on March 16, 2021. In any event, the damages alleged to have been suffered by Plaintiff were proximately caused by or contributed to by acts or failures to act of persons other than this answering Defendant, which acts or failures to act constitute an intervening and superseding cause of the damages alleged in the Complaint.

### F. SIXTH AFFIRMATIVE DEFENSE

Plaintiff's bad faith claim was dismissed on March 16, 2021. In any event, the causes of action and/or relief sought should be barred and/or precluded by virtue of Plaintiff's failure to cooperate during the claim investigation.

### G. SEVENTH AFFIRMATIVE DEFENSE

The causes of action and/or relief sought should be barred and/or precluded pursuant to the express terms and conditions contained in the subject contract, including but not limited to the life insurance certificate's contestability provision.

### H. EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, by Plaintiff's failure to comply with the provisions of the subject contract, including but not limited to the life insurance certificate's contestability provision.

## I. NINTH AFFIRMATIVE DEFENSE

Plaintiff is barred from any recovery based on misrepresentations made in connection with the claim for insurance benefits. The application misrepresented the sibling relationship between Mr. Stevens and Ms. Mitchell. Plaintiff now admits that Mr. Stevens and Ms. Mitchell are not biologically or legally related. This is grounds for rescission. *See* Cal. Ins. Code § 10113.5; Ariz. Rev. Stat. § 20-1204; *North American Co. for Life and Health Ins. v. Rypins*, 29 F.Supp.2d 619, 623 (N.D. Cal. 1998); *Greves v. Ohio State Life Ins. Co.*, 170 Ariz. 66, 70, 821 P.2d 757, 761 (1991).

## J. TENTH AFFIRMATIVE DEFENSE

The Complaint, and each of its alleged causes of action, is barred by the doctrines of waiver, estoppel, unclean hands, unjust enrichment, and/or laches.

## K. ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's bad faith claim was dismissed on March 16, 2021. In any event, Plaintiff's claim for extra-contractual damages is barred by the provisions of California Insurance Code Section 10111.

## L. TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's bad faith claim was dismissed on March 16, 2021, and thus it has no basis to claim attorneys' fees. In any event, Plaintiff's claim for attorneys' fees is barred by the provisions of California Code of Civil Procedure Section 1021.

## M. THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's bad faith claim was dismissed on March 16, 2021, and thus it has no basis to claim punitive damages. In any event, Plaintiff's alleged claim for punitive damages is barred by the provisions of California Civil Code Sections 3294 and 3295.

## N. FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's bad faith claim was dismissed on March 16, 2021, and thus it has no basis to claim punitive damages. In any event, Plaintiff's claim for punitive damages is barred by the Fourteenth Amendment procedural due process provision of the Constitution of the United States of America and/or the Article 1, § 7 procedural due process provision of the Constitution of the State of California.

### O. FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's bad faith claim was dismissed on March 16, 2021, and thus it has no basis to claim punitive damages. In any event, Plaintiff's claim for punitive damages is barred by the Article 1, § 17 excessive fines provision of the Constitution of the State of California.

### P. SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's bad faith claim was dismissed on March 16, 2021, and thus it has no basis to claim punitive damages. In any event, Plaintiff's claim for punitive damages is barred by the Article 1, § 10 contracts clause of the Constitution of the United States of America and/or the Article 1, § 9 contracts clause of the Constitution of the State of California.

### Q. SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's bad faith claim was dismissed on March 16, 2021, and thus it has no basis to claim punitive damages. In any event, any punitive damages must be reasonable in terms of the guideposts established by the United States Supreme Court in *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996), and refined in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003) pertaining to: (1) the degree of reprehensibility of Defendant's conduct; (2) the actual harm inflicted; and (3) the civil or criminal penalties that could be imposed for comparable conduct.

### R. EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's bad faith claim was dismissed on March 16, 2021. In any event, Plaintiff's claim for bad faith is barred by the genuine dispute doctrine.

### S. NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's bad faith claim was dismissed on March 16, 2021. In any event, Defendant continues to act in good faith.

### T. TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by a lack of insurable interest, rendering the policy void from its inception. Plaintiff cannot show an insurable interest in Richard Stevens' life. The law provides that (1) an insurable interest exists where individuals are "related closely by blood or by law," Ariz. Rev. Stat. Ann. § 20-1104; Cal. Ins. Code §10110.1; (2) "an insurance policy is void ab initio where the insured lacks an insurable interest," and as such, "may be contested at any time, even after the incontestability period has expired," *Paul Revere Life Ins. Co. v. Fima*, 105 F.3d 490, 492 (9th Cir. 1997); and (3) "the burden of proving insurable interest [is] on the party asserting coverage under the insurance policy," *Zurich Life Ins. Co. of America v. Zoo Stage, Inc.*, 186 Fed. App'x. 768, 768-69 (9th Cir. 2006).

### U. TWENTY-FIRST AFFIRMATIVE DEFENSE

[Withdrawn].

## III. EVIDENTIARY ISSUES

New York Life filed motions in limine to (1) exclude evidence and argument regarding bad faith and claims handling practices, in light of the dismissal of Plaintiff's bad faith claim on March 16, 2021, and (2) to permit testimony by handwriting expert Jim Blanco.

Plaintiff filed motions in limine to (1) exclude evidence that was not disclosed during this action, and (2) exclude testimony by handwriting expert Jim Blanco. However, all evidence on which New York Life intends to rely at trial was properly disclosed in discovery and on summary judgment. Moreover, Plaintiff expressly declined to take any discovery regarding Mr. Blanco's expert testimony.

## IV. ISSUES OF LAW

### A. Equitable Adoption

Plaintiff "disputes" that the application misrepresented the sibling relationship between Mr. Stevens and Ms. Mitchell. Plaintiff admits that Mr. Stevens and Ms. Mitchell are not biologically or legally related. Instead, Plaintiff asserts that there was "an equitable adoption, done without any of the formal documents for a legal adoption in California." Equitable adoption is a seldom-used probate court doctrine designed to allow foster children to inherit from a foster parent who dies intestate prior to completing all steps in a legal adoption. "The doctrine of equitable adoption is a narrow one . . . In addition to a contract or other direct evidence of the intent to adopt, the evidence must show objective conduct indicating mutual recognition of an adoptive parent and child relationship to such an extent that in equity and good conscience an adoption should be deemed to have taken place." *Estate of Ford*, 32 Cal.4th 160, 171-172 (2004).

Importantly, the doctrine is limited to probate court: "The claimant in an equitable adoption case is seeking inheritance outside the ordinary statutory course of intestate succession and without the formalities required by the adoption statutes." *Id.* No court has recognized a theory of "equitable adoption" in the context of insurance or to create a sibling relationship, and neither should this Court.

## V.  **BIFURCATION**

Plaintiff's bad faith tort claim was dismissed on March 16, 2021, and thus it has no basis to seek punitive damages. Only contract claims remain. And Civil Code Section 3294(a) expressly provides that punitive damages are only available "in an action for the breach of an obligation *not arising from contract.*"

In any event, if there was a punitive damage phase, it should be bifurcated under Civil Code section 3295(d), which provides "the court shall, on application of any defendant, preclude the admission of evidence of that defendant's profits or financial condition until after the trier of fact returns a verdict for plaintiff awarding actual damages and finds that a defendant is guilty of malice, oppression, or fraud in accordance with section 3294."

## VI. JURY TRIAL

Plaintiff has requested a jury trial.

## VII. ATTORNEYS' FEES

Plaintiff's bad faith claim was dismissed on March 16, 2021, and thus it has no basis to seek attorneys' (*Brandt*) fees. *Brandt* fees are not recoverable merely for breach of contract. *See* CCP § 1021; *Cassim v. Allstate Ins. Co.*, 33 Cal. 4th 780, 806 (2004); *Griffin Dewatering Corp. v. Northern Ins. Co. of N.Y.*, 176 Cal. App. 4th 172, 220 (2009).

DATED: May 18, 2021    KASOWITZ BENSON TORRES LLP

By: */s/ Kirsten C. Jackson*
    Kirsten C. Jackson
    *Attorneys for Defendant*