ADEPT LAW FIRM
JOSEPH S. FOGEL [SBN 156746]
E-mail: joe@adeptlawfirm.com
16133 Ventura Boulevard, Penthouse Suite
Encino, California 91436-2403
*telephone*   (818) 986-7100
*fax*         (818) 986-7106

*Attorneys for Plaintiff*
    FRANKIE MITCHELL

UNITED STATES DISTRICT COURT FOR THE

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKIE MITCHELL;<br><br>　　　　　Plaintiff,<br>　　v.<br><br>NEW YORK LIFE INSURANCE COMPANY, a business entity, form unknown; and DOES 1 through 15, Inclusive;<br><br>　　　　　Defendants. | Case No. 2:20-cv-01789-MCS (AGR)<br><br>PLAINTIFF'S PROPOSED SPECIAL JURY INSTRUCTIONS<br><br>PRETRIAL CONF.: June 7, 2021<br>TIME: 2:00 p.m.<br><br>TRIAL: June 22, 2021<br><br>Hon. Mark C. Scarsi, Judge Presiding |

COMES NOW, Plaintiff Frankie Mitchell, and proposes the following Special Jury Instructions, No.'s 1-8, as follows:

# PLAINTIFF'S PROPOSED SPECIAL JURY INSTRUCTIONS

1. How to Determine if an Insurance Investigation Complied with the Contract

An insurance company has a legal obligation to have as much interest in paying a claim as in not. The purpose of an investigation by an insurance company cannot be to only deny a claim, or avoid paying a claim. The investigation must consider each part of the investigation, and the investigation as a whole, to determine if the insurance company should pay the claim.

If the investigation is incomplete, or doesn't have a clear conclusion, the insurance company should pay the claim, unless there is strong evidence to not pay the claim.

If you find that the insurance company unreasonably investigated the claim, or investigated with the only purpose to not pay the claim, then the insurance company has acted unreasonably.

*Authorities:*

" '[D]enial of a claim on a basis unfounded in the facts known to the insurer, or contradicted by those facts, may be deemed unreasonable. "A trier of fact may find that an insurer acted unreasonably if the insurer ignores evidence available to it which supports the claim. The insurer may not just focus on those facts which justify denial of the claim." ' " (*Maslo v. Ameriprise Auto & Home Ins.* (2014) 227 Cal.App.4th 626, 634 [173 Cal.Rptr.3d 854].)

"[A]n insurer may breach the covenant of good faith and fair dealing when it fails

to properly investigate its insured's claim." (*Egan v. Mutual of Omaha Insurance Co.* (1979) 24 Cal.3d 809, 817 [169 Cal.Rptr. 691, 620 P.2d 141].)

"When investigating a claim, an insurance company has a duty to diligently search for evidence which supports its insured's claim. If it seeks to discover only the evidence that defeats the claim it holds its own interest above that of the insured." (*Mariscal v. Old Republic Life Ins. Co.* (1996) 42 Cal.App.4th 1617, 1620 [50 Cal.Rptr.2d 224].)

"To fulfill its implied obligation, an insurer must give at least as much consideration to the interests of the insured as it gives to its own interests. When the insurer unreasonably and in bad faith withholds payment of the claim of its insured, it is subject to liability in tort. And an insurer cannot reasonably and in good faith deny payments to its insured without fully investigating the grounds for its denial." (*Frommoethelydo v. Fire Insurance Exchange* (1986) 42 Cal.3d 208, 214–215 [228 Cal.Rptr. 160, 721 P.2d 41], internal citation omitted.)


2.     Insurance Bad Faith Determined at the Time During the Investigation

The investigation was conducted by the insurance company.  If the actions of the insurance company were unreasonable at the times they were done, then the investigation was unreasonable.


*Authorities:*

"When investigating a claim, an insurance company has a duty to diligently search

for evidence which supports its insured's claim. If it seeks to discover only the evidence that defeats the claim it holds its own interest above that of the insured." (*Mariscal v. Old Republic Life Ins. Co.* (1996) 42 Cal.App.4th 1617, 1620 [50 Cal.Rptr.2d 224].)

"[T]he reasonableness of the insurer's decisions and actions must be evaluated as of the time that they were made; the evaluation cannot fairly be made in the light of subsequent events that may provide evidence of the insurer's errors. [Citation.]" (*Zubillaga v. Allstate Indemnity Co.* (2017) 12 Cal.App.5th 1017, 1028 [219 Cal.Rptr.3d 620].)

3.   Beneficiaries Must Cooperate with an Investigation But Only Within Their Knowledge and Ability.

The beneficiary is listed in the documents of the insurance company. The insurance policy insures another person's life. The insurance policy may be owned by the person who has their life insured, or by another person. Unless the beneficiary is also the owner of the policy, or the person who has their life insured, the beneficiary may have limited information to provide in an investigation. That the beneficiary has limited information, or no information, does not mean that the life insurance company can refuse to pay. A beneficiary can only provide that which he knows, has in his possession, or can reasonably obtain, in response to the investigation from the insurance company. If a beneficiary is unable to provide an answer or document in response to an investigation from the insurance company, you cannot hold that against the beneficiary, unless you find that the beneficiary had the answer or document in his possession, or could have obtained such an answer or document lawfully and

easily, but refused to provide it to the insurance company.

*Authorities:*

*See* California Insurance Regulations, Section 2695.5 Duties upon Receipt of Communications

(b) Upon receiving any communication from a claimant, regarding a claim, that reasonably suggests that a response is expected, every licensee shall immediately, but in no event more than fifteen (15) calendar days after receipt of that communication, furnish the claimant with a complete response based on the facts as then known by the licensee. This subsection shall not apply to require communication with a claimant subsequent to receipt by the licensee of a notice of legal action by that claimant.

See Also California *Insurance Regulations*, Section 2695.7. Standards for Prompt, Fair and Equitable Settlements

(a) No insurer shall discriminate in its claims settlement practices based upon the claimant's age, race, gender, income, religion, language, sexual orientation, ancestry, national origin, or physical disability, or upon the territory of the property or person insured.

(b) Upon receiving proof of claim, every insurer, except as specified in subsection 2695.7(b)(4) below, shall immediately, but in no event more than forty (40) calendar days later, accept or deny the claim, in whole or in part. The amounts accepted or denied shall be clearly documented in the claim file unless the claim

Page 5
PLAINTIFF'S PROPOSED SPECIAL JURY INSTRUCTIONS

has been denied in its entirety.

(1) Where an insurer denies or rejects a first party claim, in whole or in part, it shall do so in writing and shall provide to the claimant a statement listing all bases for such rejection or denial and the factual and legal bases for each reason given for such rejection or denial which is then within the insurer's knowledge. Where an insurer's denial of a first party claim, in whole or in part, is based on a specific statute, applicable law or policy provision, condition or exclusion, the written denial shall include reference thereto and provide an explanation of the application of the statute, applicable law or provision, condition or exclusion to the claim. Every insurer that denies or rejects a third party claim, in whole or in part, or disputes liability or damages shall do so in writing.

(2) Subject to the provisions of subsection 2695.7(k), nothing contained in subsection 2695.7(b)(1) shall require an insurer to disclose any information that could reasonably be expected to alert a claimant to the fact that the subject claim is being investigated as a suspected fraudulent claim.

. . .

(c)(1) If more time is required than is allotted in subsection 2695.7(b) to determine whether a claim should be accepted and/or denied in whole or in part, every insurer shall provide the claimant, within the time frame specified in subsection 2695.7(b), with written notice of the need for additional time. This written notice shall specify any additional information the insurer requires in order to make a determination and state any continuing reasons for the insurer's inability to make a determination. Thereafter, the written notice shall be provided every thirty (30) calendar days until a determination is made or notice of legal action is served. If

the determination cannot be made until some future event occurs, then the insurer shall comply with this continuing notice requirement by advising the claimant of the situation and providing an estimate as to when the determination can be made.

. . .

(d) Every insurer shall conduct and diligently pursue a thorough, fair and objective investigation and shall not persist in seeking information not reasonably required for or material to the resolution of a claim dispute.

(e) No insurer shall delay or deny settlement of a first party claim on the basis that responsibility for payment should be assumed by others, except as may otherwise be provided by policy provisions, statutes or regulations, including those pertaining to coordination of benefits.

"When investigating a claim, an insurance company has a duty to diligently search for evidence which supports its insured's claim. If it seeks to discover only the evidence that defeats the claim it holds its own interest above that of the insured." (*Mariscal v. Old Republic Life Ins. Co.* (1996) 42 Cal.App.4th 1617, 1620 [50 Cal.Rptr.2d 224].)

4.   Life Insurance Policies Can Have Changes to Owners and Beneficiaries

A life insurance policy is a contract, but a special type of contract.  A life insurance contract has the following parties: The owner of the policy, the insured life under the policy, and the beneficiary to the policy.  The insurance policy permits the owner and the beneficiary of the policy to be changed to other people. Those changes, if any, must be made in writing, and approved by the insurance

company. Once those changes are made, they are effective. Because changes to owners and beneficiaries are permitted by the insurance company, you should not treat the last owner and the last beneficiary in any different way than any earlier owner or beneficiary. Under the law, an owner or beneficiary change approved by the insurance is just as effective as if it had been made earlier.

Once the beneficiary makes a claim, he can also be called the claimant.

*Authorities:*

"When investigating a claim, an insurance company has a duty to diligently search for evidence which supports its insured's claim. If it seeks to discover only the evidence that defeats the claim it holds its own interest above that of the insured." (*Mariscal v. Old Republic Life Ins. Co.* (1996) 42 Cal.App.4th 1617, 1620 [50 Cal.Rptr.2d 224].)

5. Life Insurance Benefits Must be Paid Promptly Unless There is a Clear and Substantial Reason to Not.

A life insurance contract is a special type of contract. After a claim is made, and an insurance company conducts a reasonable investigation if it has questions about the claim, the claim should be paid. The insurance company needs a clear and substantial reason to not pay the claim, if it chooses to not pay the claim.

*Authorities:*

If an insurer "fails to deal fairly and in good faith with its insured by refusing, without proper cause, to compensate its insured for a loss covered by the policy,

such conduct may give rise to a cause of action in tort for breach of an implied covenant of good faith and fair dealing. . . . [¶] . . . [W]hen the insurer unreasonably and in bad faith withholds payment of the claim of its insured, it is subject to liability in tort." (*Gruenberg v. Aetna Insurance Co.* (1973) 9 Cal.3d 566, 574–575 [108 Cal.Rptr. 480, 510 P.2d 1032], original italics.)

6. An Insurance Company Must Communicate Regularly and Meaningfully.

During an investigation, an insurance company must communicate with the claimant about the investigation. That communication must be regular; at least every twenty-five days. That communication must be meaningful; providing some information about what is being done.

*Authorities:*

"When investigating a claim, an insurance company has a duty to diligently search for evidence which supports its insured's claim. If it seeks to discover only the evidence that defeats the claim it holds its own interest above that of the insured." (*Mariscal v. Old Republic Life Ins. Co.* (1996) 42 Cal.App.4th 1617, 1620 [50 Cal.Rptr.2d 224].)

7. An Insurance Company Must Communicate that an Investigation is Completed or Ended.

An insurance company must communicate to the claimant that the investigation is completed or ended. If there are no more activities ongoing in an investigation, the insurance company must communicate that to the claimant. Once the investigation is completed or ended, the insurance company must pay the benefits,

or deny the claim for the benefits, stating the reason why the benefits are not paid.

"When investigating a claim, an insurance company has a duty to diligently search for evidence which supports its insured's claim. If it seeks to discover only the evidence that defeats the claim it holds its own interest above that of the insured." (*Mariscal v. Old Republic Life Ins. Co.* (1996) 42 Cal.App.4th 1617, 1620 [50 Cal.Rptr.2d 224].)

"To fulfill its implied obligation, an insurer must give at least as much consideration to the interests of the insured as it gives to its own interests. When the insurer unreasonably and in bad faith withholds payment of the claim of its insured, it is subject to liability in tort. And an insurer cannot reasonably and in good faith deny payments to its insured without fully investigating the grounds for its denial." (*Frommoethelydo v. Fire Insurance Exchange* (1986) 42 Cal.3d 208, 214–215 [228 Cal.Rptr. 160, 721 P.2d 41], internal citation omitted.)


8. Life Insurance is a Special Type of Contract.

One of the reasons that a life insurance policy is special type of contract, is that the obligation of the insurance company to pay only happens if the insured life passes away.  Because the insurance company's obligation to pay only happens when the insured life is unavailable to answer any further questions, and this is known from the nature of the policy, the insurance company waives any part of its investigation of a claim, if that part of the investigation would require the insured life to provide additional information, or clarify any information provided.

 "There is an implied covenant of good faith and fair dealing in every contract that

1 neither party will do anything which will injure the right of the other to receive the
2 benefits of the agreement." (*Comunale v. Traders & General Ins. Co.* (1958) 50
3 Cal.2d 654, 658 [328 P.2d 198].)

6 DATED: May 24, 2021                     ADEPT LAW FIRM

8                                                               *Joseph S. Fogel* /s/
                                              By: _____
9                                                     JOSEPH S. FOGEL,
                                                      *Attorney for Plaintiff,*
10                                                    FRANKIE MITCHELL