KASOWITZ BENSON TORRES LLP
Melissa Dejoie (Cal. Bar No. 308014)
mdejoie@kasowitz.com
2029 Century Park East, Suite 2000
Los Angeles, California 90067
Telephone:  (424) 288-7900
Facsimile:  (424) 288-7901
*Attorneys for Defendant*
NEW YORK LIFE INSURANCE COMPANY

ADEPT LAW FIRM
JOSEPH S. FOGEL [SBN 156746]
joe@adeptlawfirm.com
16133 Ventura Boulevard, Penthouse Suite
Encino, California 91436-2403
Telephone:  (818) 986-7100
Facsimile:  (818) 986-7106
*Attorneys for Plaintiff*
FRANKIE MITCHELL

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| FRANKIE MITCHELL, an individual;<br><br>                    Plaintiff,<br><br>           vs.<br><br>NEW YORK LIFE INSURANCE COMPANY,<br><br>                    Defendant. | Case No. 2:20-cv-01789-MCS-AGR<br><br>**JOINT JURY INSTRUCTIONS**<br><br>Pretrial Conf.: June 7, 2021<br>Time: 2:00 p.m.<br><br>Trial: June 22, 2021<br>Time:  8:30 a.m.<br><br>Hon. Mark C. Scarsi, Judge Presiding |

DATED: _____

_____
HON. MARK C. SCARSI
UNITED STATES DISTRICT JUDGE

**JOINT JURY INSTRUCTIONS**

### **INSTRUCTION NO.**

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set of instructions to refer to throughout the trial. These instructions are not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, these instructions will be collected and I will give you a final set of instructions. It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

Authority:

Ninth Circuit Model Jury Instruction 1.2 (2017).

**INSTRUCTION NO.**

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.  At the end of the trial I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be

Authority:

Ninth Circuit Model Jury Instruction 1.3 (2017).

**JOINT JURY INSTRUCTIONS**

## INSTRUCTION NO.

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

Authority:

Ninth Circuit Model Jury Instruction 1.4 (2017).

3

**INSTRUCTION NO.**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

This is a dispute concerning life insurance benefits. Plaintiff Frankie Mitchell asserts that he is the beneficiary under a $100,000 life insurance policy issued by Defendant New York Life to the insured, Richard Stevens. Plaintiff Frankie Mitchell asserts and that Defendant New York Life breached the life insurance policy contract by not paying him the policy benefits after Richard Stevens died. The plaintiff has the burden of proving these claims.

Defendant New York Life denies those claims. Defendant New York Life also asserts that it is not required to pay life insurance benefits to Plaintiff Frankie Mitchell based on one or more affirmative defenses:

1)      Defendant New York Life asserts that Richard Stevens did not sign the application for life insurance. Defendant New York Life asserts that because Richard Stevens' signature on the application is a forgery, the policy contract never existed.

2)      Defendant New York Life also asserts that the policy application misrepresented the relationship between Richard Stevens and Laura Mitchell, and that as a result, the policy contract never existed.

3)      Defendant New York Life also asserts that Plaintiff has not shown an insurable interest in Richard Stevens' life, such as a close relationship by "blood or by law," and that as a result, the policy contract never existed.


Authority:

Ninth Circuit Model Jury Instruction 1.5 (2017).

---

4

**JOINT JURY INSTRUCTIONS**

**<ins>INSTRUCTION NO.</ins>**

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Authority:

Ninth Circuit Model Jury Instruction 1.6 (2017).

**JOINT JURY INSTRUCTIONS**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **INSTRUCTION NO.**

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true.  This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

Authority:

Ninth Circuit Model Jury Instruction 1.7 (2017).

**JOINT JURY INSTRUCTIONS**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## INSTRUCTION NO.

You should decide the case as to each party separately. Unless otherwise stated, the instructions apply to all parties.

Authority:

Ninth Circuit Model Jury Instruction 1.8 (2017).

7

**JOINT JURY INSTRUCTIONS**

## INSTRUCTION NO.

The evidence you are to consider in deciding what the facts are consists of:

1.  the sworn testimony of any witness;

2.  the exhibits that are admitted into evidence;

3.  any facts to which the lawyers have agreed; and

4.  any facts that I may instruct you to accept as proved.

Authority:

Ninth Circuit Model Jury Instruction 1.9 (2017).

**JOINT JURY INSTRUCTIONS**

**<u>INSTRUCTION NO.</u>**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they [may say] [have said] in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)    Testimony that is excluded or stricken, or that you [are] [have been] instructed to disregard, is not evidence and must not be considered.  In addition some evidence [may be] [was] received only for a limited purpose; when I [instruct] [have instructed] you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4)    Anything you may [see or hear] [have seen or heard] when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.


Authority:

Ninth Circuit Model Jury Instruction 1.10 (2017).

9
**JOINT JURY INSTRUCTIONS**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO.**

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

Authority:

Ninth Circuit Model Jury Instruction 1.11 (2017).

**JOINT JURY INSTRUCTIONS**

**INSTRUCTION NO.**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Authority:

Ninth Circuit Model Jury Instruction 1.12 (2017).

**JOINT JURY INSTRUCTIONS**

**INSTRUCTION NO.**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence.  That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

Authority:

Ninth Circuit Model Jury Instruction 1.13 (2017).

**JOINT JURY INSTRUCTIONS**

## **INSTRUCTION NO.**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Authority:

Ninth Circuit Model Jury Instruction 1.14 (2017).

**JOINT JURY INSTRUCTIONS**

**INSTRUCTION NO.**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media.  This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it[,although I have

no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

Authority:

Ninth Circuit Model Jury Instruction 1.15 (2017).

**JOINT JURY INSTRUCTIONS**

**INSTRUCTION NO.**

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

Authority:

Ninth Circuit Model Jury Instruction 1.16 (2017).

**JOINT JURY INSTRUCTIONS**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **INSTRUCTION NO.**

I urge you to pay close attention to the trial testimony as it is given.  During deliberations you will not have a transcript of the trial testimony.

Authority:

Ninth Circuit Model Jury Instruction 1.17 (2017).

**JOINT JURY INSTRUCTIONS**

**INSTRUCTION NO.**

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you go to the jury room to decide the case.  Do not let notetaking distract you.  When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room].  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

Authority:

Ninth Circuit Model Jury Instruction 1.18 (2017).

**JOINT JURY INSTRUCTIONS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>INSTRUCTION NO.</u>**

Only the lawyers and I are allowed to ask questions of witnesses.  A juror is not permitted to ask questions of witnesses.  If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

Authority:

Ninth Circuit Model Jury Instruction 1.19 (2017).

**JOINT JURY INSTRUCTIONS**

**INSTRUCTION NO.**

      From time to time during the trial, it [may become] [became] necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury [is] [was] present in the courtroom, or by calling a recess.  Please understand that while you [are] [were] waiting, we [are] [were] working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

      Of course, we [will do] [have done] what we [can] [could] to keep the number and length of these conferences to a minimum.  I [may] [did] not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Authority:

      Ninth Circuit Model Jury Instruction 1.20 (2017).

**JOINT JURY INSTRUCTIONS**

**<u>INSTRUCTION NO.</u>**

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Authority:

Ninth Circuit Model Jury Instruction 1.21 (2017).

**JOINT JURY INSTRUCTIONS**

## **INSTRUCTION NO.**

At the End of Each Day of the Case:

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom.  This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case.  This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers.  You also must not communicate with anyone, in any way, about this case.  And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.

At the Beginning of Each Day of the Case:

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here.  So you must not learn any additional information about the case from sources outside the courtroom.  To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

Authority:

Ninth Circuit Model Jury Instruction 2.0 (2017).

**JOINT JURY INSTRUCTIONS**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>INSTRUCTION NO.</u>**

  The parties have agreed what [witness]'s testimony would be if called as a witness.  You should consider that testimony in the same way as if it had been given here in court.

Authority:

  Ninth Circuit Model Jury Instruction 2.1 (2017).

**JOINT JURY INSTRUCTIONS**

## **INSTRUCTION NO.**

The parties have agreed to certain facts [to be placed in evidence as Exhibit __] [that will be read to you].  You must therefore treat these facts as having been proved.

Authority:

Ninth Circuit Model Jury Instruction 2.2 (2017).

**JOINT JURY INSTRUCTIONS**

1

**INSTRUCTION NO.**

2          The evidence that a witness [e.g., has been convicted of a crime, lied under

3   oath on a prior occasion, etc.] may be considered, along with all other evidence, in

4   deciding whether or not to believe the witness and how much weight to give to the

5   testimony of the witness and for no other purpose.

6

7   Authority:

8          Ninth Circuit Model Jury Instruction 2.9 (2017).

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT JURY INSTRUCTIONS**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO.**

Evidence [will now be] [was] presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

Authority:

Ninth Circuit Model Jury Instruction 2.11 (2017).

**JOINT JURY INSTRUCTIONS**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>INSTRUCTION NO.</u>**

Evidence [will now be] [was] presented to you in the form of admissions to the truth of certain facts.  These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures. You must treat these facts as having been proved.

Authority:

Ninth Circuit Model Jury Instruction 2.12 (2017).

**JOINT JURY INSTRUCTIONS**

**INSTRUCTION NO.**

You [have heard] [are about to hear] testimony from Jim Blanco who [testified] [will testify] to opinions and the reasons for his opinions. This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Authority:

Ninth Circuit Model Jury Instruction 2.13 (2017).

**JOINT JURY INSTRUCTIONS**

**INSTRUCTION NO.**

Certain charts and summaries not admitted into evidence [may be] [have been] shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

Authority:

Ninth Circuit Model Jury Instruction 2.14 (2017).

**JOINT JURY INSTRUCTIONS**

**INSTRUCTION NO.**

Certain charts and summaries [may be] [have been] admitted into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the testimony or other admitted evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

Authority:

Ninth Circuit Model Jury Instruction 2.15 (2017).

**INSTRUCTION NO.**

Frankie Mitchell claims that New York Life breached its duty to pay him for a loss covered under an insurance policy. To establish this claim, Frankie Mitchell must prove all of the following: 1. That he suffered a loss, that was covered under an insurance policy with New York Life; 2. That New York Life was notified of the loss as required by the policy ; and 3. The amount of the covered loss that New York Life failed to pay.

Authority:

CACI 2300

## [DEFENDANT'S PROPOSED] INSTRUCTION NO.

If you find that Richard Stevens did not sign the application for life insurance, the policy contract was void from the start, and Plaintiff is not entitled to any payment from Defendant New York Life.

Authority:

"A policy which is void ab initio may be contested at any time, even after the incontestability period has expired." Paul Revere Life Ins. Co. v. Fima, 105 F.3d 490, 492 (1997). "It has been uniformly established that a forged document is void ab initio and constitutes a nullity." Wutzke v. Bill Reid Painting Service, Inc., 151 Cal. App. 3d 36, 43 (1984); see also La Jolla Group II v. Bruce, 211 Cal. App. 4th 461, 478 (2012) (same); Schiavon v. Arnaudo Brothers, 84 Cal. App. 4th 374, 380 (2000) (same); Arizona Central Credit Union v. Holden, 6 Ariz. App. 310, 313 (1967) (same). "If the insured's signature on the application was a forgery, the insurer could resist payment even after expiration of the contestability period." Hon. H. Walter Croskey, et al., California Practice Guide: Insurance Litigation ¶ 5:328.11 (Rutter Group 2020); see also Oaks v. Settlers Life Ins. Co., Case No. 2009AP2061, 2010 WL 3665230 at *3 (Wis. App. Sept. 22, 2010) ("The policies were void ab initio because of Ken's forgery on the application. . . . Forgery renders a contract void ab initio. Thus, the life insurance policy was never in force. The 2007 policies were not in force for two years so as to trigger the incontestability clause in the policies or the incontestability statute.").

**INSTRUCTION NO.**

New York Life claims that no insurance contract was created because the applicant made a false representation in the application for insurance. To establish this defense, New York Life must prove all of the following: 1. That the applicant submitted an application for insurance with New York Life; 2. That in the application for insurance the applicant, whether intentionally or unintentionally, represented [that Richard Stevens and Laura Mitchell were brother and sister, that Richard Stevens' date of birth was October 10, 1958, that Richard Stevens had not smoked or used tobacco in the past 12 months, or that Richard Stevens had not consulted a doctor or had treatment for heart trouble within two years before the application]; 3. That the application asked for that information; 4. That the applicant knew that the representation was not true; and 5. That New York Life would not have issued the insurance policy if the applicant had stated the true facts in the application.

Authority:

CACI 2308

**JOINT JURY INSTRUCTIONS**

**INSTRUCTION NO.**

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room.  A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits.  You will also be provided with a paper list of all exhibits received in evidence.  You may request a paper copy of any exhibit received in evidence by sending a note through the [clerk] [bailiff].)  If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the [clerk] [bailiff], signed by your foreperson or by one or more members of the jury.  Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands on maintenance or instruction, a court technician may enter the jury room with [the clerk] [the bailiff] present for the sole purpose of assuring that the only matter that is discussed is the technical problem.  When the court technician or any nonjuror is in the jury room, the jury shall not deliberate.  No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment.  Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case.  You may not use the computer for any other purpose.  At  my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material.  Do not attempt to alter the

computer to obtain access to such materials.  If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials.  Do not remove the computer or any electronic data [disk] from the jury room, and do not copy any such data.

Authority:

Ninth Circuit Model Jury Instruction 2.16 (2017).

**JOINT JURY INSTRUCTIONS**

## **INSTRUCTION NO.**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Authority:

Ninth Circuit Model Jury Instruction 3.1 (2017).

**JOINT JURY INSTRUCTIONS**

**INSTRUCTION NO.**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

**JOINT JURY INSTRUCTIONS**

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

Authority:

Ninth Circuit Model Jury Instruction 3.2 (2017).

**JOINT JURY INSTRUCTIONS**

**<u>INSTRUCTION NO.</u>**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [clerk] [bailiff], signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

Authority:

Ninth Circuit Model Jury Instruction 3.3 (2017).

**JOINT JURY INSTRUCTIONS**

## **INSTRUCTION NO.**

If during jury deliberations a request is made by the jury or by one or more jurors for a readback of a portion or all of a witness's testimony, and the court in exercising its discretion determines after consultation with the lawyers that a readback should be allowed, the Committee recommends the following admonition be given in open court with both sides present:

Because a request has been made for a [readback] [playback] of the testimony of [witness's name] it is being provided to you, but you are cautioned that all [readbacks] [playbacks] run the risk of distorting the trial because of overemphasis of one portion of the testimony. [Therefore, you will be required to hear all the witness's testimony on direct and cross-examination, to avoid the risk that you might miss a portion bearing on your judgment of what testimony to accept as credible.] [Because of the length of the testimony of this witness, excerpts will be [read] [played].] The [readback] [playback] could contain errors. The [readback] [playback] cannot reflect matters of demeanor [, tone of voice,] and other aspects of the live testimony. Your recollection and understanding of the testimony controls. Finally, in your exercise of judgment, the testimony [read] [played] cannot be considered in isolation, but must be considered in the context of all the evidence presented.

Authority:

Ninth Circuit Model Jury Instruction 3.4 (2017).

**JOINT JURY INSTRUCTIONS**

**INSTRUCTION NO.**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your [presiding juror] [foreperson] should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk] [bailiff] that you are ready to return to the courtroom.

Authority:

Ninth Circuit Model Jury Instruction 3.5 (2017).

**JOINT JURY INSTRUCTIONS**

**INSTRUCTION NO.**

At this point I will give you an additional instruction. By giving an additional instruction at this time, I do not mean to emphasize this instruction over any other instruction.

You are not to attach undue importance to the fact that this instruction was read separately to you. You must consider this instruction together with all of the other instructions that were given to you.

[Insert text of new instruction.]

You will now retire to the jury room and continue your deliberations.

Authority:

Ninth Circuit Model Jury Instruction 3.6 (2017).

43

**JOINT JURY INSTRUCTIONS**

**<u>INSTRUCTION NO.</u>**

Members of the jury, you have advised that you have been unable to agree upon a verdict in this case. I have decided to suggest a few thoughts to you.

As jurors, you have a duty to discuss the case with one another and to deliberate in an effort to reach a unanimous verdict if each of you can do so without violating your individual judgment and conscience. Each of you must decide the case for yourself, but only after you consider the evidence impartially with the other jurors. During your deliberations, you should not be unwilling to reexamine your own views and change your opinion if you become persuaded that it is wrong. However, you should not change an honest belief as to the weight or effect of the evidence solely because of the opinions of the other jurors or for the mere purpose of returning a verdict.

All of you are equally honest and conscientious jurors who have heard the same evidence. All of you share an equal desire to arrive at a verdict. Each of you should ask yourself whether you should question the correctness of your present position.

I remind you that in your deliberations you are to consider the instructions I have given you as a whole. You should not single out any part of any instruction, including this one, and ignore others. They are all equally important.

You may now return to the jury room and continue your deliberations.


Authority:

Ninth Circuit Model Jury Instruction 3.7 (2017).

**JOINT JURY INSTRUCTIONS**

**<u>INSTRUCTION NO.</u>**

[One] [Some] of your fellow jurors [has] [have] been excused from service and will not participate further in your deliberations. You should not speculate about the reason the [juror is] [jurors are] no longer present.

You should continue your deliberations with the remaining jurors. Do not consider the opinions of the excused [juror] [jurors] as you continue deliberating. All the previous instructions given to you still apply, including the requirement that all the remaining jurors unanimously agree on a verdict.

Authority:

Ninth Circuit Model Jury Instruction 3.8 (2017)

**JOINT JURY INSTRUCTIONS**

**INSTRUCTION NO.**

Now that the case has been concluded, some of you may have questions about the confidentiality of the proceedings. Now that the case is over, you are free to discuss it with any person you choose. By the same token, however, I would advise you that you are under no obligation whatsoever to discuss this case with any person.

[If you do decide to discuss the case with anyone, I would suggest you treat it with a degree of solemnity in that whatever you do decide to say, you would be willing to say in the presence of the other jurors or under oath here in open court in the presence of all the parties.]

[Finally, always bear in mind that if you do decide to discuss this case, the other jurors fully and freely stated their opinions with the understanding they were being expressed in confidence. Please respect the privacy of the views of the other jurors.]

[Finally, if you would prefer not to discuss the case with anyone, but are feeling undue pressure to do so, please feel free to contact the courtroom deputy, who will notify me and I will assist.]

Authority:

Ninth Circuit Model Jury Instruction 3.9 (2017).

**JOINT JURY INSTRUCTIONS**

## INSTRUCTION NO.

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1.      that the plaintiff failed to use reasonable efforts to mitigate damages; and

2.      the amount by which damages would have been mitigated.

Authority:

Ninth Circuit Model Jury Instruction 5.3 (2017)

**JOINT JURY INSTRUCTIONS**

DATED:  June 3, 2021        ADEPT LAW FIRM

By:    */s/ Joseph S. Fogel*
        JOSEPH S. FOGEL
        *Attorney for Plaintiff,*
        FRANKIE MITCHELL

DATED:  June 3, 2021        KASOWITZ BENSON TORRES LLP

By:    */s/ Melissa Dejoie*
        Melissa Dejoie
        *Attorneys for Defendant,*
        NEW YORK LIFE INSURANCE
        COMPANY

**JOINT JURY INSTRUCTIONS**