KASOWITZ BENSON TORRES LLP
Melissa H. Dejoie (Cal. Bar No. 308014)
mdejoie@kasowitz.com
2029 Century Park East, Suite 2000
Los Angeles, California 90067
Telephone:  (424) 288-7900
Facsimile:  (424) 288-7901

*Attorneys for Defendant*

ADEPT LAW FIRM
Joseph S. Fogel (Cal. Bar No. 156746)
joe@adeptlawfirm.com
16133 Ventura Boulevard, Penthouse Suite
Encino, California 91436-2403
Telephone:  (818) 986-7100
Facsimile:  (818) 986-7106

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKIE MITCHELL,<br><br>Plaintiff,<br><br>vs.<br><br>NEW YORK LIFE INSURANCE COMPANY,<br><br>Defendant. | Case No. 2:20-cv-01789-MCS-AGR<br><br>**JOINT FINAL PRETRIAL CONFERENCE ORDER**<br><br>Pretrial Conference: June 7, 2021<br><br>Trial Date: June 22, 2021 |

# TABLE OF CONTENTS

Page(s)

1. THE PARTIES AND PLEADINGS ................................................................... 1
2. JURISDICTION AND VENUE.......................................................................... 1
3. TRIAL ESTIMATE ............................................................................................ 2
4. PROPOSED JURY INSTRUCTIONS................................................................ 2
5. ADMITTED FACTS........................................................................................... 2
   1. Defendant New York Life Insurance Company issued Policy Certificate No. A6342021 on May 7, 2012 (the "Policy")............................ 2
6. UNCONTESTED, THOUGH NOT ADMITTED, FACTS ................................ 2
7. CLAIMS AND DEFENSES OF THE PARTIES ............................................... 2
   (a) Plaintiff plans to pursue the following claims against Defendant:............................ 2
   (b) The elements required to establish Plaintiff's claims are as follows: ....................... 2
       1. Breach of Contract ................................................................. 2
       2. Declaratory Relief ................................................................. 3
   (c) In brief, the key evidence Plaintiff relies on for each of its claims is as follows: ................................................................................. 3
       1. Breach of Contract ................................................................. 3
       2. Declaratory Relief ................................................................. 4
   (d) New York Life plans to pursue the following affirmative defenses: ....................... 4
   (e) The elements required to establish New York Life's affirmative defenses are as follows: ............................................................................ 5
   (f) In brief, the key evidence New York Life relies on for each counterclaim is:.......... 9
8. ULTIMATE ISSUES REMAINING TO BE TRIED ......................................... 9
9. DISCOVERY ..................................................................................................... 10
10. DISCLOSURES ................................................................................................. 10
11. WITNESS AND DEPOSITION TESTIMONY ................................................ 10
12. LAW AND MOTION MATTERS AND MOTIONS *IN LIMINE* ................... 10
    (a) Plaintiff's Motions *in Limine*: .................................................................. 10
    (b) Defendant's Motions *in Limine*:................................................................ 10
13. BIFURCATION ................................................................................................. 11
14. ORDER SUPERSEDES PLEADING................................................................ 11

Following pretrial proceedings, pursuant to Fed. R. Civ. P. 16 and L.R. 16 IT IS ORDERED:

1. **THE PARTIES AND PLEADINGS**

The parties are:

    (1) Plaintiff Frankie Mitchell; and

    (2) Defendant New York Life Insurance Company.

Each of these parties has been served and has appeared.

The pleadings that raise the issue are:

    (1) Plaintiff's Complaint Breach of Contract and Declaratory Relief, initially filed in the Los Angeles Superior Court on January 30, 2020.

    (2) Defendant's Answer to Complaint, initially filed in this Court on March 2, 2020.

Plaintiff's claim for Tortious Breach of the Covenant of Good Faith and Fair Dealing was dismissed on summary judgment, on March 16, 2021 (ECF No. 40).

2. **JURISDICTION AND VENUE**

Federal jurisdiction and venue are invoked upon the following grounds:

This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a)(1). Diversity jurisdiction exists because: (a) there is complete diversity of citizenship between Plaintiff and Defendant; and (b) the amount in controversy exceeds $75,000, exclusive of interest and costs. This Court has personal jurisdiction over the parties to this action because: (a) New York Life transacts its insurance business in California; and (b) this lawsuit arises out of an insurance contract sold in the State of California.

Venue is proper in this District under 28 U.S.C. § 1391(b), (c), and (d) because Defendant has sufficient contacts to be subject to personal jurisdiction within this District and thus is a resident of this District under 28 U.S.C. § 1391(d).

The facts requisite to federal jurisdiction are admitted.

**3. TRIAL ESTIMATE**

The parties estimate the jury trial will take three to five trial days.

**4. PROPOSED JURY INSTRUCTIONS**

This trial is to be a jury trial, except for those equitable issues to be decided by the Court. The parties filed with the Court a set of Joint Jury Instructions (Dkt. No. 60) and Plaintiff's Disputed Instructions (Dkt. No. 58).

**5. ADMITTED FACTS**

The following facts are admitted and require no proof:

1. Defendant New York Life Insurance Company issued Policy Certificate No. A6342021 on May 7, 2012 (the "Policy").
2. The Policy has a face value of $100,000.
3. Plaintiff Frankie Mitchell filed his complaint against Defendant on January 30, 2020.

**6. UNCONTESTED, THOUGH NOT ADMITTED, FACTS**

None.

**7. CLAIMS AND DEFENSES OF THE PARTIES**

**Plaintiffs' Claims:**

    **(a) Plaintiff plans to pursue the following claims against Defendant:**

Claim 1: Defendant breached its duty to pay Plaintiff $100,000 pursuant to the Policy.

Claim 3: Declaratory relief that Defendant is obligated to pay $100,000 pursuant to the Policy.

    **(b) The elements required to establish Plaintiff's claims are as follows:**

        1. **Breach of Contract**

To establish that Defendant breached its policies, Plaintiff must show:

        (1) The Parties entered into a contract;

2
Joint Final Pretrial Conference Order

(2) Plaintiff did all, or substantially all, of the significant things that the contract required it to do, or that it was excused from doing those things;

(3) All conditions required by the contract for Defendant's performance had occurred;

(4) Defendant failed to do something that the contracts required it to do; and

(5) Plaintiff was harmed by that failure. *See* CACI 303 (2013).

2. **Declaratory Relief**

The evidence in support of Plaintiff's claim for declaratory relief includes:

(1) An actual and substantial controversy has arisen, and now exists, between Plaintiff and Defendant concerning Defendant's duties under its Policy;

(2) The parties have adverse legal interests;

(3) The controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment; and

(4) A judicial declaration is necessary and appropriate in order to determine the respective rights and obligations of the parties.

*See* 28 U.S.C. § 2201; *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1222-23 (9th Cir. 1998)

**(c) In brief, the key evidence Plaintiff relies on for each of its claims is as follows:**

1. **Breach of Contract**

The evidence in support of Plaintiff's claim for breach of contract includes the following:

- Policy;
- Testimony from Plaintiff and his family members and Defendant New York Life's representatives regarding coverage;
- Documents from Defendant's claims file;

- Correspondence between the parties and their respective representatives regarding coverage; and
- Pleadings and discovery filed and served in this lawsuit.

### 2. Declaratory Relief

The evidence in support of Plaintiff's claim for declaratory relief includes the evidence identified in Section 7(c)(10).

**Defendant's Claims:**

**(d)  New York Life plans to pursue the following affirmative defenses:**

- First Affirmative Defense: Failure to state a claim upon which relief can be granted.
- Second Affirmative Defense: No Causation.
- Third Affirmative Defense: Waiver and/or Estoppel.
- Fourth Affirmative Defense: Failure to Mitigate.
- Fifth Affirmative Defense: Intervening/superseding cause.
- Sixth Affirmative Defense: Plaintiff's failure to cooperate during the claim investigation.
- Seventh Affirmative Defense: Express terms and conditions in the subject contract.
- Eighth Affirmative Defense: [Withdrawn].
- Ninth Affirmative Defense: Misrepresentations in the Application.
- Tenth Affirmative Defense: Unclean hands, unjust enrichment, and/or laches.
- Eleventh Affirmative Defense: California Insurance Code Section 10111.
- Twelfth Affirmative Defense: California Code of Civil Procedure Section 1021.

- Thirteenth Affirmative Defense: California Civil Code Sections 3294 and 3295.
- Fourteenth Affirmative Defense: Fourteenth Amendment procedural due process provision of the Constitution of the United States of America and/or the Article 1, § 7 procedural due process provision of the Constitution of the State of California.
- Fifteenth Affirmative Defense: Article 1, § 17 excessive fines provision of the Constitution of the State of California.
- Sixteenth Affirmative Defense: Article 1, § 10 contracts clause of the Constitution of the United States of America and/or the Article 1, § 9 contracts clause of the Constitution of the State of California.
- Seventeenth Affirmative Defense: Punitive damages must be reasonable.
- Eighteenth Affirmative Defense: Genuine dispute doctrine.
- Nineteenth Affirmative Defense: Defendant acted in good faith.
- Twentieth Affirmative Defense: Lack of insurable interest.

**(e)   The elements required to establish New York Life's affirmative defenses are as follows:**

- First Affirmative Defense: That no valid contract existed, because (1) there was a forgery of Richard Stevens' signature on the life insurance application or (2) there was a misrepresentation of the relationship between Richard Stevens and Laura Mitchell, as well as misrepresentations of the biographical information about the insured, on the life insurance application.
- Second Affirmative Defense: Plaintiff's damages were caused by his failure to cooperate with Defendant New York Life's claims investigation.
- Third Affirmative Defense: (1) Plaintiff knew Defendant was conducting a claims investigation; and (2) Plaintiff freely and knowingly

gave up his right to coverage by refusing to cooperate with Defendant's claim investigation.

- Fourth Affirmative Defense: If Defendant breached the contract and the breach caused harm, Plaintiff is not entitled to recover damages for harm that Defendant proves Plaintiff could have avoided with reasonable efforts or expenditures.

- Fifth Affirmative Defense: Damages alleged to have been suffered by Plaintiff were proximately caused by or contributed to by acts or failures to act of persons other than this answering Defendant, which acts or failures to act constitute an intervening and superseding cause of the damages alleged in the Complaint.

- Sixth Affirmative Defense: Plaintiff's bad faith claim was dismissed on March 16, 2021. In any event, the causes of action and/or relief sought should be barred and/or precluded by virtue of Plaintiff's failure to cooperate during the claim investigation.

- Seventh Affirmative Defense: The causes of action and/or relief sought should be barred and/or precluded pursuant to the express terms and conditions contained in the subject contract, including but not limited to the life insurance certificate's contestability provision.

- Eighth Affirmative Defense: Plaintiff's claim is barred, in whole or in part, by Plaintiff's failure to comply with the provisions of the subject contract, including but not limited to the life insurance certificate's contestability provision.

- Ninth Affirmative Defense: Plaintiff is barred from any recovery based on misrepresentations made in connection with the claim for insurance benefits. The application misrepresented the sibling relationship between Mr. Stevens and Ms. Mitchell. Plaintiff now admits that Mr. Stevens and Ms. Mitchell are not biologically or legally related. The

application also includes misrepresentations regarding Richard Stevens' age and cardiac health. This is grounds for rescission. See Cal. Ins. Code § 10113.5; Ariz. Rev. Stat. § 20-1204; North American Co. for Life and Health Ins. v. Rypins, 29 F.Supp.2d 619, 623 (N.D. Cal. 1998); Greves v. Ohio State Life Ins. Co., 170 Ariz. 66, 70, 821 P.2d 757, 761 (1991).

- Tenth Affirmative Defense: The Complaint, and each of its alleged causes of action, is barred by the doctrines of waiver, estoppel, unclean hands, unjust enrichment, and/or laches.
- Eleventh Affirmative Defense: Plaintiff's bad faith claim was dismissed on March 16, 2021. In any event, Plaintiff's claim for extra-contractual damages is barred by the provisions of California Insurance Code Section 10111.
- Twelfth Affirmative Defense: Plaintiff's bad faith claim was dismissed on March 16, 2021, and thus it has no basis to claim attorneys' fees. In any event, Plaintiff's claim for attorneys' fees is barred by the provisions of California Code of Civil Procedure Section 1021.
- Thirteenth Affirmative Defense: Plaintiff's bad faith claim was dismissed on March 16, 2021, and thus it has no basis to claim punitive damages. In any event, Plaintiff's alleged claim for punitive damages is barred by the provisions of California Civil Code Sections 3294 and 3295.
- Fourteenth Affirmative Defense: Plaintiff's bad faith claim was dismissed on March 16, 2021, and thus it has no basis to claim punitive damages. In any event, Plaintiff's claim for punitive damages is barred by the Fourteenth Amendment procedural due process provision of the Constitution of the United States of America and/or the Article 1, § 7

procedural due process provision of the Constitution of the State of California.

- Fifteenth Affirmative Defense: Plaintiff's bad faith claim was dismissed on March 16, 2021, and thus it has no basis to claim punitive damages. In any event, Plaintiff's claim for punitive damages is barred by the Article 1, § 17 excessive fines provision of the Constitution of the State of California.

- Sixteenth Affirmative Defense: Plaintiff's bad faith claim was dismissed on March 16, 2021, and thus it has no basis to claim punitive damages. In any event, Plaintiff's claim for punitive damages is barred by the Article 1, § 10 contracts clause of the Constitution of the United States of America and/or the Article 1, § 9 contracts clause of the Constitution of the State of California.

- Seventeenth Affirmative Defense: Plaintiff's bad faith claim was dismissed on March 16, 2021, and thus it has no basis to claim punitive damages. In any event, any punitive damages must be reasonable in terms of the guideposts established by the United States Supreme Court in BMW of North America, Inc. v. Gore, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996), and refined in State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003) pertaining to: (1) the degree of reprehensibility of Defendant's conduct; (2) the actual harm inflicted; and (3) the civil or criminal penalties that could be imposed for comparable conduct.

- Eighteenth Affirmative Defense: Plaintiff's bad faith claim was dismissed on March 16, 2021. In any event, Plaintiff's claim for bad faith is barred by the genuine dispute doctrine.

- Nineteenth Affirmative Defense: Plaintiff's bad faith claim was dismissed on March 16, 2021. In any event, Defendant continues to act in good faith.
- Twentieth Affirmative Defense: Plaintiff's claims are barred by a lack of insurable interest, rendering the policy void from its inception. Plaintiff cannot show an insurable interest in Richard Stevens' life. The law provides that (1) an insurable interest exists where individuals are "related closely by blood or by law," Ariz. Rev. Stat. Ann. § 20-1104; Cal. Ins. Code §10110.1; (2) "an insurance policy is void ab initio where the insured lacks an insurable interest," and as such, "may be contested at any time, even after the incontestability period has expired," Paul Revere Life Ins. Co. v. Fima, 105 F.3d 490, 492 (9th Cir. 1997); and (3) "the burden of proving insurable interest [is] on the party asserting coverage under the insurance policy," Zurich Life Ins. Co. of America v. Zoo Stage, Inc., 186 Fed. App'x. 768, 768-69 (9th Cir. 2006).

**(f)** **In brief, the key evidence New York Life relies on for each counterclaim is:**

- Policy.
- Testimony from Plaintiff and his family members and Defendant New York Life's representatives regarding coverage.
- Documents from Defendant's claims file.
- Correspondence between the parties and their respective representatives regarding coverage.
- Pleadings and discovery filed and served in this lawsuit.

**8.** **ULTIMATE ISSUES REMAINING TO BE TRIED**

- Whether the Policy lapsed due to nonpayment and was most recently reinstated on February 2, 2018.

- Whether the signature on the application was knowingly signed by Richard Stevens.
- Whether the application misrepresented the relationship between Richard Stevens and Laura Mitchell.
- Whether Frankie or Laura Mitchell had an insurable interest in the life of Richard Stevens.

**9. DISCOVERY**

Discovery is complete.

**10. DISCLOSURES**

All disclosures under Fed. R. Civ. P. 26(a)(3) have been made. The joint exhibit list of the parties was filed under separate cover as required by L.R. 16-6.1 (Dkt. No. 43).

**11. WITNESS AND DEPOSITION TESTIMONY**

Witness lists of the parties have been filed with the Court (Dkt. No.). Only the witnesses identified in the lists will be permitted to testify (other than solely for impeachment).

The parties do not intend to present evidence by way of deposition testimony.

**12. LAW AND MOTION MATTERS AND MOTIONS *IN LIMINE***

The following law and motion matters and motions *in limine*, and no others, are pending or contemplated:

    **(a) Plaintiff's Motions *in Limine*:**

        (1) Motion *in Limine* No. 1 to Exclude "Undisclosed" Handwriting Expert (Dkt. No. 41).

        (2) Motion *in Limine* No. 2 to Exclude "Unproduced" Documents (Dkt. No. 42).

    **(b) Defendant's Motions *in Limine*:**

        (1) Motion *in Limine* No. 1 to Exclude Evidence and Argument Re: Bad Faith (Dkt. No. 45).

(2) Motion *in Limine* No. 2 to Permit Testimony from Handwriting Expert (Dkt. No. 46).

## 13. BIFURCATION

To the extent that the Court permits evidence of bad faith and punitive damages, which were previously dismissed on summary judgment, the determination of the amount of punitive damages, if any, should be bifurcated from the trial on all other issues.

## 14. ORDER SUPERSEDES PLEADING

The foregoing admissions have been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial Conference Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

Dated: _____
HON. MARC C. SCARSI
UNITED STATES DISTRICT COURT JUDGE

Approved as to form and content.

DATED: June 4, 2021          ADEPT LAW FIRM

                             By:     /s/ Joseph Fogel
                                  JOSEPH FOGEL
                                  *Attorneys for Plaintiff*

DATED: June 4, 2021          KASOWITZ BENSON TORRES LLP

                             By:     /s/ Melissa Dejoie
                                  Melissa Dejoie
                                  *Attorneys for Defendant*